IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02610-PSF-CBS

JAHAD MUQARRAB ALI,
    Plaintiff,
v.

TERRY REEVES, et al.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendants' Motion to Dismiss (filed March 24, 2006) (doc. # 30). Pursuant to the Order of Reference dated January 19, 2006 (doc. # 12) and the memorandum dated March 24, 2006 (doc. # 31), the motion was referred to the Magistrate Judge. The court has reviewed the Motion, Ali's Response (filed April 13, 2006) (doc. # 34), Defendants' Reply (filed April 20, 2006) (doc. # 38), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.[1]

I.    Statement of the Case

    Ali, a prisoner proceeding *pro se*, is currently incarcerated in the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. (*See* Complaint (doc. # 3)). Ali alleges that on July 2, 2005, Defendants Poncetta and Henderson removed personal photos and letters from his cell during a cell "shakedown." (Complaint at pp. 3-4). Ali alleges that these items were confiscated pursuant to a criminal investigation of a former CDOC employee. (Complaint at pp. 3-4). Ali alleges pursuant to 42 U.S.C. § 1983 that his due process rights under the 5th and 14th Amendments to the U.S. Constitution were violated because the photos and letters were confiscated without a hearing. (Complaint at pp. 3, 4). Ali seeks return of his property and monetary damages. (Complaint at p. 8).

Defendants move to dismiss Ali's Complaint pursuant to Fed. R. Civ. p. 12(b)(6) for failure to state a claim upon which relief may be granted, among other grounds.

II.   Standard of Review

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir.2000) (citation omitted). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramirez*, 222 F.3d at 1240 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The court must construe Ali's Complaint and other papers liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.   Analysis

Although Ali mentions "Administrative Regulations" and "a Warden's Directive" that govern contraband (*see* Complaint at p. 4), the allegations of the Complaint more accurately address a "random and unauthorized" deprivation of property based on a criminal investigation rather than a deprivation "according to some established state policy, procedure, or custom." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989). Thus, the court's analysis focuses on the post-deprivation process rather than the pre-deprivation process.

> The justifications which we have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation such as the present one involving a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee. In such a case, the loss is not the result of some established state procedure and the State cannot predict precisely when the loss will occur. It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is in almost all cases beyond the control of the State. Indeed, in most cases, it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

*Parratt v. Taylor*, 451 U.S. 527, 541 (1981).

Even intentional deprivations of property do not constitute a Fourteenth Amendment violation if adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984). *See also Smith v. Colorado Department of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees"); *Durre v. Dempsey*, 869 F.2d 543, 545-48 (10th Cir. 1989) ("intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available").

Colorado law waives the defense of sovereign immunity for damages for injuries resulting from the operation of any correctional facility. Colo. Rev. Stat. § 24-10-106(1)(b). When property is wrongfully taken by a state official, Colorado law provides an adequate post-deprivation remedy at Colo. Rev. Stat. § 24-10-106. Ali pleads no facts that he was

unable to follow the Colorado claim procedure.  Thus, Ali fails to state a claim for violation of his due process rights.

Further, personal participation is an essential allegation in a § 1983 claim.  At a minimum, Ali must allege personal participation by the Defendants in the alleged constitutional violations.  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)).  A supervisor cannot be held vicariously liable for the conduct of employees under § 1983.  *Rizzo v. Goode*, 423 U.S. 362, 376 (1976).  Rather, there must be an "affirmative link" between the violation and the superior's own actions.  *Rizzo*, 423 U.S. at 376   (link must demonstrate superior's authorization or approval of alleged misconduct) (applied in *Kite v. Kelley*, 546 F.2d 334, 337-38 (10th Cir.1976) (allegations failed to establish "affirmative link" between actions of FBI agent who unlawfully disclosed names and his superior) and *Mitchell v. Maynard*, 80 F.3d 1433, 1440-41 (10th Cir.1996) (where plaintiff failed to name guards who beat him and offered no evidence to link warden and director of correctional facilities to the guard's actions, Eighth Amendment claim properly dismissed)).

Ali's allegations regarding the July 2, 2005 incident do not mention Golder directly. Ali does not allege Golder personally participated in the shakedown of his cell.  Nor does he allege Golder supervised or had any contact with the other Defendants.  Ali's allegations regarding Golder fail to establish the necessary affirmative link to the actions of the other Defendants. Ali's allegations are insufficient to support liability against Golder under § 1983.  See *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir.1996) (applying *Mitchell* and finding no basis for personal or supervisor liability of prison administrators whose only link to plaintiff's injury was past participation in the formulation of prison regulations and acknowledgment of a general need to train guards).  For this reason also, Ali's claim against Golder fails as a matter of law and is properly dismissed.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (filed March 24, 2006) (doc. # 30) be GRANTED and that this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real*

*Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

---

1. On April 26, 2006, the court granted Ali's request that his Response filed on April 10, 2006 (doc. # 33) be "abated" and that his second Response filed on April 13, 2006 (doc. # 34) be accepted.  (*See* doc. # 43).