IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02610-PSF-CBS

JAHAD MUQARRAB ALI,

    Plaintiff,

v.

TERRY REEVES;
C/O PONCETTA;
C/O HENDERSON; and
WARDEN GARY GOLDER,

    Defendants.

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 44), filed May 3, 3006, in which the Magistrate Judge recommends that this Court grant Defendants' Motion to Dismiss (Dkt. # 30). Plaintiff Jahad Muqarrab Ali, appearing *pro se*, filed written objections to the Magistrate Judge's Recommendation on May 15, 2006 (Dkt. # 45). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

**I. FACTUAL BACKGROUND**

Mr. Ali is currently incarcerated in Sterling, Colorado at the Colorado Department of Corrections ("CDOC"). Mr. Ali, proceeding under 42 U.S.C. § 1983, alleges that Defendants Poncetta and Henderson violated his due process rights when they removed certain personal items–letters and photos–from his cell pursuant to a

criminal investigation of a former CDOC employee.  Mr. Ali seeks monetary damages as well as the return of his property.

Defendants have moved to dismiss the claim, contending that Mr. Ali has failed to state a claim upon which relief can be granted.  Additionally, they contend that Mr. Ali's claim against Defendant Warden Gary Golder is subject to dismissal for failure to allege personal participation in the property deprivation.  Alternatively, defendants argue that they are entitled to qualified immunity.

## II. ANALYSIS

According to the Tenth Circuit, "[t]he intentional deprivation of property is not a Fourteenth Amendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984) (intentional deprivations of property are not Fourteenth Amendment violations if adequate state post-deprivation remedies are available).  Colorado provides such an adequate post-deprivation remedy at C.R.S. § 24-10-106(1)(b) by waiving sovereign immunity for torts resulting from the operation of a correctional facility.  *See Smith v. Colo. Dep't of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994).  As the Magistrate Judge noted, plaintiff "pleads no facts that he was unable to follow the Colorado claim procedure."  Recomm. at 4.

Mr. Ali first objects to the submission of his case to a magistrate judge for recommendations on dispositive motions.  *See* Obj. at 3.  However, pursuant to 28 U.S.C. § 636(b)(1)(B), a judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition,

by a judge of the court, of any motion excepted in subparagraph (A)," which includes motions to dismiss.  Therefore, Mr. Ali's objections to the Magistrate Judge's submission of a Recommendation on Defendants' Motion to Dismiss is unfounded and overruled.

Mr. Ali also objects to the recommendation of dismissal, contending that "defendants have been given ample opportunity and have had ample time to return the property." Obj. at 3-4.  This may well be true, and defendants may indeed be wrongfully withholding the property in question.  However, such a deprivation does not give rise to a constitutional cause of action where Mr. Ali has access to an adequate state remedy.  *See Smith*, 23 F.3d at 340.  Therefore, such "ample opportunity" to return the property is an argument for Mr. Ali to raise in bringing a claim pursuant to C.R.S. § 24-10-106(1)(b).

Mr. Ali contends that "defendants did not follow proper procedure in their confiscation of the items complained of." Obj. at 4.  He claims that "[e]vidence to this fact and to other points of interest would be presented at a hearing on this matter." *Id.* However, even liberally construing Mr. Ali's *pro se* pleading and accepting his allegations as true for purposes of deciding the motion to dismiss, the Court cannot discern the existence of an established state procedure authorizing the property deprivation at issue, allowing a federal due process claim to survive.  *See Smith*, 23 F.3d at 341-42. Mr. Ali admits that the deprivation was pursuant to an investigation of a CDOC employee, and does not contend much less establish that any predeprivation policy existed for collecting personal property of inmates in connection with a prison

investigation of a third party. Rather, his description of events appears, as the Magistrate Judge points out, to essentially allege a "'random and unauthorized' deprivation of property based on a criminal investigation rather than a deprivation 'according to some established state policy, procedure, or custom.'" Recomm. at 3 (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989)); *see also Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (courts may not assume a plaintiff can prove facts not alleged, or that a defendant has violated laws in ways not alleged by a plaintiff). Thus, a hearing is unnecessary and plaintiff's asserted property deprivation is properly addressed by following the Colorado postdeprivation claim procedure in these circumstances, including possibly through a lawsuit permitted under C.R.S. § 24-10-106(1)(b).

Finally, Mr. Ali argues that he is not required to file a deprivation claim in state court as such a requirement "would more likely than not prove to be both futile and expensive since the state itself is a party to the defendants, *i.e.*, the defendant's [sic] employer." Obj. at 5. The state's involvement as both provider of the remedy and employer of the defendants in this case does not render the remedy inadequate. *See Smith*, 23 F.3d at 340 (finding Colorado's remedy adequate where plaintiff brought suit against Colorado Department of Corrections). Because plaintiff has an adequate remedy under state law, his due process claims are properly dismissed pursuant to F.R.Civ.P. 12(b)(6).

Based on the conclusion that Mr. Ali has failed to state a claim, the Court need not address the arguments raised by defendants, addressed by the Magistrate Judge

and objected to by Mr. Ali that plaintiff's claim against Defendant Warden Gary Golder is subject to dismissal for failure to allege personal participation in the property deprivation and that defendants are entitled to qualified immunity.

### III.     CONCLUSION

After reviewing the underlying objections and the record *de novo*, and in light of the foregoing discussion, the Court concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 44), filed May 3, 2006, as noted above; and

2. The Court GRANTS Defendants' Motion to Dismiss (Dkt. # 30), filed March 24, 2006, for failure to state a claim upon which relief can be granted.

The case is DISMISSED.

DATED: June 28, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge